NOT FOR PUBLICATION                                             (Doc. No. 64)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

—————————————————————
                                                    :
BOSSEN ARCHITECTURAL                :
MILLWORK, INC. & Joseph BOSSEN,     :
                                                    :        Civil No. 14–4294 (RBK/JS)
                              Plaintiffs,          :
                                                    :        **OPINION**
                    v.                              :
                                                    :
KOBOLAK & SONS, INC. &              :
Tibor KOBOLAK,                       :
                                                    :
                              Defendants.         :
—————————————————————     :

**KUGLER**, United States District Judge:

Bossen Architectural Millwork, Inc. and Joseph Bossen ("Plaintiffs") bring federal

copyright and trademark claims, as well as claims under New Jersey state law, against Kobolak

& Sons, Inc. and Tibor Kobolak ("Defendants"). Defendants move to dismiss Counts 1 through

10, 13, 17, and 18 of Plaintiffs' Amended Complaint (Doc. No. 63) pursuant to Federal Rule of

Civil Procedure 12(b)(6). For the reasons expressed herein, Defendants' Partial Motion to

Dismiss (Doc. No. 64) is **GRANTED** as to Counts 1 through 7 and this Court declines

supplemental jurisdiction over the remaining state law claims.

**I.      STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure

to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts

accept all factual allegations as true, construe the complaint in the light most favorable to the

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

In making this determination, a three-part analysis is needed. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitled for relief. *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

Furthermore, "[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## II.     BACKGROUND

Prior to 2006, Plaintiff Joseph Bossen ("Bossen") exclusively owned Bossen Architectural Millwork, Inc. ("BAM"), "a business of manufacturing and selling high-end wood moldings, architectural millwork and related products." Am. Compl. ¶¶ 8, 35. Defendant Tibor Kobolak ("Kobolak") exclusively owned Kobolak & Sons, Inc. ("K&S"), which "constructed custom cabinetry and architectural millwork items." *Id.* ¶¶ 8, 35. Bossen and Kobolak agreed to the terms of a merger between their respective corporations in September 2006. *Id.* ¶ 10. Pursuant to that agreement, the two corporations would merge and operate as BAM, Kobolak would purchase a fifty percent interest in BAM, and BAM would execute a $1 million corporate promissory note to Bossen. *Id.*

After the merger, the parties agreed that, although "both entities operated as one combined corporation with shared assets and expenses[,]" Bossen would operate the "Bossen Division" and Kobolak would operate the "Kobolak Division." *Id.* ¶ 36. Kobolak was appointed to the Board of Directors of the new entity. *Id.* ¶ 28. After K&S moved into BAM's facilities, it "sold its business location and equipment[]" and Kobolak "kept the proceeds of such sale(s) for himself[.]"*Id.* ¶ 30–32. He also "unilaterally forgave certain debts" to K&S without Bossen's consent. *Id.* ¶ 33. Furthermore, during the four years following the merger, Kobolak did not operate the Kobolak Division to BAM's standards. *See id.* ¶¶ 37–40.

In March 2010, Kobolak "unilaterally and without the consent of Bossen opted to bifurcate the Kobolak Division from BAM." *Id.* ¶ 41. He then operated as K&S, "an entity wholly-owned by BAM[,]" without BAM or Bossen's consent. *Id.* In operating K&S since March 2010, Kobolak "has utilized assets of BAM, including BAM's trademark rights in and to the name Kobolak & Sons, Inc." *Id.* Kobolak also directed BAM's customers to K&S, "collected

proceeds of sales that were contracted for through BAM," and used BAM's tools and equipment without permission. *Id.* ¶¶ 42–43.

Kobolak posted photographs of BAM and Bossen's craftsmanship to his websites without permission. *Id.* ¶¶ 45, 49–51. Plaintiffs exclusively created the photographs and the underlying work. *Id.* ¶ 54. BAM has used those photographs "on its own website and . . . to represent its work in its showroom or in consultation with clients or prospective clients." *Id.* ¶ 45. "Plaintiff is the owner of several pending applications for copyright registration" with the United States Copyright Office ("Copyright Office"), and those pending applications "cover many of the Photographs at issue herein." *Id.* ¶ 46.

## III.   DISCUSSION

Plaintiffs bring federal copyright claims (Counts 1 through 3), federal trademark claims (Counts 4 through 7), and various New Jersey state claims (Counts 8 through 18). *See generally* Am. Compl. Defendants move to dismiss Counts 1 through 10, 13, 17, and 18 of Plaintiffs' Amended Complaint. *See* Defs.' Br. at 5.

### A.   Copyright Claims (Counts 1–3)

Plaintiffs bring the following federal copyright claims pursuant to 17 U.S.C. § 101 *et seq.*: copyright infringement, contributory copyright infringement, and inducement of copyright infringement. The Copyright Act states that, absent particular exceptions, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) ("Subject to certain exceptions, the Copyright Act (Act) requires copyright holders to register their works before suing for copyright infringement."). There is a circuit split regarding the meaning of copyright

4

"registration" in Section 411(a). *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 615–16 (9th Cir. 2010) (describing the circuit split and collecting cases). The "application approach" holds that "a copyright [is] registered at the time the copyright holder's application is received by the Copyright Office[.]" *Id.* at 615. The "registration approach" holds that a copyright is registered "at the time that the Office acts on the application and issues a certification of registration[.]" *Id.*

This Court adopts the registration approach because it is more consistent with the language of Section 411(a) and the Third Circuit's decision in *Dawes-Lloyd v. Publish Am., LLLP*. *See* 441 Fed. Appx. 956, 957 (3d Cir. 2011). Furthermore, "[t]he trend among district courts in this Circuit has been to adopt the 'registration' approach[.]" *See Micro Focus (US), Inc. v. Ins. Servs. Office, Inc.*, 2015 WL 5121123 at *4 (D. Del. Aug. 31, 2015) (collecting cases); *see also Patrick Collins, Inc. v. Does 1-26*, 843 F. Supp. 2d 565, 568–69 (E.D. Pa. 2011) (analyzing the two approaches and adopting the registration approach). Plaintiffs do not assert in their Amended Complaint that they hold registered copyrights in the photographs at issue. *See generally* Am. Compl. Under the registration approach, this Court must therefore conclude that Plaintiffs do not state a plausible claim for copyright infringement.[1] Counts 1 through 3 of Plaintiffs' Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

## B.    Federal Trademark Claims (Counts 4–7)

Plaintiffs bring the following claims under the Lanham Act: trademark infringement, 15 U.S.C. § 1114; unfair competition, 15 U.S.C. § 1125(a)(1)(A); false designation of origin, 15 U.S.C. § 1125(a)(1)(b); and cybersquatting, 15 U.S.C. § 1125(d). Plaintiffs allege in their

---

[1] Plaintiffs' brief misstates the standard for a Rule 12(b)(6) motion. The Supreme Court in *Iqbal* held that a claim will survive a Rule 12(b)(6) motion to dismiss only if relief is plausible, not just possible. 556 U.S. at 679.

5

Amended Complaint that BAM and K&S merged into BAM in 2006 and that BAM acquired ownership to the trademark "Kobolak & Sons" in the merger. *See id.* ¶ 14.[2]  Plaintiffs further allege that Kobolak has used BAM's assets without permission, "including BAM's trademark rights in and to the name Kobolak & Sons, Inc." *Id* ¶ 41. Defendants contend that Plaintiffs' merger allegations preclude their trademark claims. *See* Defs.' Br. at 11.

If there is an effective merger under New Jersey law, "[t]he parties to the plan of merger . . . shall be a single corporation[]" and "[t]he separate existence of all parties to the plan of merger . . . except the surviving or new corporation, shall cease." N.J.S.A. 14A:10–6(a), (b). The surviving corporation owns "[a]ll real property and personal property, tangible and intangible, of every kind and description, belonging to each of the corporations so merged[.]" N.J.S.A. 14A:10–6(d). Because "a corporation cannot sue itself," *In re Transcolor Corp.*, 296 B.R. 343, 363 (Bankr. D. Md. 2003), BAM cannot sue K&S if there was an effective merger. The "separate existence" of K&S would have ceased in 2006, and "[a]n unincorporated operating division of a corporation . . . is not itself a legal entity with any rights or interests[.]" *In re Federal-Mogul Global Inc.*, 411 B.R. 148, 164 (Bankr. D. Del. 2008). BAM therefore does not state a cause of action against K&S under the Lanham Act.

The only remaining issue for this Court to resolve is whether BAM has stated a cause of action under the Lanham Act against Kobolak in his individual capacity. Plaintiffs allege that Kobolak has used BAM's "Kobolak & Sons" mark in operating K&S, "an entity wholly-owned by BAM[.]" Am. Compl. ¶ 41. The Third Circuit has held that "a corporate officer who actually

---

[2] Because Bossen does not allege that he personally owns the "Kobolak & Sons" mark, he fails to state a claim for trademark infringement, unfair competition, false designation of origin, or cybersquatting. *See A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) (a plaintiff must show that he owns a valid and legally protectable mark to state a claim under 17 U.S.C. § 1114 or 17 U.S.C. § 1125).

and substantially participates *in the corporation's act of trademark infringement* is personally liable . . . even though he acted as an agent of the corporation rather than on his own behalf." *Electronic Laboratory Supply Co. v. Cullen*, 977 F.3d 798, 807 (3d Cir. 1992) (emphasis added) (citing *Donsco Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978)). If K&S merged into BAM, it is not a separate legal entity and it therefore cannot infringe on the trademark of the corporation to which it belongs. Plaintiffs do not allege that Kobolak infringed on the "Kobolak & Sons" mark on his own behalf, but only "[i]n operating K&S[.]" Am. Compl. ¶ 41. Because K&S legally could not infringe on BAM's mark, there was no underlying trademark infringement to which Kobolak could participate or contribute. BAM therefore does not state a cause of action against Kobolak under the Lanham Act.

Arguing in the alternative does not rescue BAM's claims. If the companies never effectively merged, then BAM never acquired rights in the "Kobolak & Sons" mark. If BAM does not own the mark, it cannot plausibly state a cause of action under the Lanham Act against either K&S or Kobolak. As such, Counts 4 through 7 are **DISMISSED WITH PREJUDICE**.

### C.      State Claims (Counts 8–18)

The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). No federal law claims remain, and there is no affirmative justification for this Court to retain supplemental jurisdiction. As such, this Court declines to exercise supplemental jurisdiction

pursuant to 28 U.S.C. § 1367(c)(3). Counts 8 through 18 are therefore **DISMISSED WITHOUT PREJUDICE**.

**V.      CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** as to Counts 1 through 7. The federal copyright claims (Counts 1 through 3) are **DISMISSED WITHOUT PREJUDICE**. The federal trademark claims (Counts 4 through 7) are **DISMISSED WITH PREJUDICE**. The remaining state law claims (Counts 8 through 18) are **DISMISSED WITHOUT PREJUDICE** as this Court declines to exercise supplemental jurisdiction.


Dated:    11/17/2015                                    s/ Robert B. Kugler

                                                        ROBERT B. KUGLER

                                                        United States District Judge